## Allstate Insurance Co. v. Thompson
*[Cite as 6 AOA 119]*

*Case No. CA-8112*
*Stark County, (5th)*
*Decided August 27, 1990*

*David F. Meekison, 205 Mellett Building, 115 DeWalt Avenue, N.W., Canton, Ohio 44702, for Plaintiff-Appellee.*

*Michael J. Stefanko, 46 Federal Avenue, N.W., Massillon, Ohio 44647, for Defendants-Appellants.*

*Jack A. Blakeslee, Suite G 40, United Bank Bldg., 220 Market Avenue, S., Canton, Ohio 44702, for Defendants-Appellants.*

PUTMAN, P.J.

In this case, we hold that an insurance policy that defines "bodily injury" as follows, "'bodily injury' - means bodily injury, sickness or disease, including required care, loss of services and resulting death," incorporates within the plain meaning of its letter and the manifest intent of its spirit the elements of damages that may be recoverable for wrongful death under R.C. 2125.02 (B) (2), "...loss of services of the decedent" ...and "(3) loss of the society of the decedent, including loss of companionship,...care, assistance, attention, protection, advice, counsel, instruction, training, and education, suffered by the. . . minor children..." A more detailed statement of the case follows.

"Allstate Insurance Company filed in the Stark County Common Pleas Court for declaratory judgment seeking a declaration that it was neither obligated to defend nor obligated to indemnify Edward Thompson under a homeowner's policy in an action brought against him by the children of Shirley Ann Thompson for having caused the death of their mother.

Both Edward Thompson and Shirley Ann Thompson, then husband and wife, were named insureds under an Allstate "deluxe homeowner's policy."

At page 23 of that policy appears at Section II - Family Liability and Guest Medical Protection:

"Losses We Cover:

"Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy."

On the same page 23, paragraph 2 reads:

"We do not cover bodily injury to an insured person or property damage to property owned by an insured person."

The policy defines "bodily injury" in the following words:

"'Bodily injury' means bodily injury, sickness or disease, including required care, loss of services and resulting death."

At page 4 of the policy, the term "property damage" is defined as "physical injury to or destruction of tangible property, including loss of its use."

In the case at bar, the defendant Edward Thompson argued that the plaintiff insurance company has the duty to defend and indemnify him against the claims of the beneficiaries, the children of his deceased wife Shirley Ann Thompson, because at the time of her death they were emancipated and living outside the home.' The trial court denied this claim, finding that the children of Shirley Ann Thompson had received or suffered neither bodily injury nor property damage as defined in the policy.

While we agree that any claim they may have to "property damage" has been defined out of the policy because none of the property loss they have experienced can be considered "tangible" as that term has meaning as a word of art in property law, we reverse this case because we find that the policy definition of "bodily injury" has actually picked up and employed some of the very words that the legislature used when it enacted R.C. 2125.02 (B) (2) and (3).

In our view, the language of exclusion at page 23 of the policy under "losses we do not cover" excluding coverage for bodily injury to an insured person or property damage to property owned an insured person, does not apply to the case at bar because by this action is not for the bodily injury of Shirley Ann Thompson nor damage to the property of Shirley Ann Thompson.

Our judgment is not in conflict with that of the Court of Appeals for Clark County in *Progressive Casualty Ins. Co. v. William R. Bolin* (Oct. 3, 1988), Clark App. No. 2467, unreported, because the policy provisions in that case were entirely different from those in the case at bar. The definition of bodily injury is entirely different in that case. The words in the definition of bodily injury in that case do not include the words employed by the definition in this case.

For the foregoing reasons, the judgment of the Court of Common Pleas is reversed, and a final judgment is here entered declaring that Allstate Insurance Company on its Allstate deluxe homeowner's policy issued to Edward Thompson and Shirley Ann Thompson has an obligation to defend and indemnify Edward Thompson against the wrongful death claims brought against him by the children of Shirley Ann Thompson.

HOFFMAN, J., and GWIN, J., concur.